IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER CONIDI, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>BEAUTY INDUSTRY GROUP OPCO, LLC d/b/a LUXY HAIR CO., and DOES 1-10, inclusive,<br><br>        Defendant. | CASE NO. 1:23-cv-02765 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), 28 U.S.C. § 1441, and the jurisdictional provisions of the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d)(2) and 1453(b) ("CAFA"), Defendant Beauty Industry Group OPCO, LLC d/b/a Luxy Hair Co. ("Defendant" or "Luxy") hereby removes the above-captioned case from the Illinois Circuit Court of Cook County, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). In support of this Notice of Removal, Luxy states as follows:

## NATURE OF THE CASE

1. On or about April 3, 2023, Plaintiff Jennifer Conidi ("Plaintiff") commenced this action by filing a Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant in the Circuit Court of Cook County, Illinois captioned *Jennifer Conidi v. Beauty Industry Group OPCO, LLC d/b/a Luxy Hair Co.,* Case No. 2023CH03204 (the "State Court

Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all other pleadings that are in the state court file and available to Defendant are attached hereto as **Exhibit A**.

2. The Class Action Complaint alleges six causes of action against Luxy for violations of the Illinois Biometric Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* (*See* Complaint ¶¶ 1, 46-93).

3. The Class Action Complaint alleges that Luxy's website contains a "Virtual Color Match" tool (Complaint ¶ 26). Plaintiff allegedly used the "Virtual Color Match" tool on or about February 7, 2023, which captured "Plaintiff's biometric identifiers and/or biometric information" without her consent. (*Id.* ¶ 31).

## TIMELINESS OF REMOVAL

4. This action was filed on April 3, 2023.

5. Removal is timely pursuant to 28 U.S.C. Section 1446(b) because this Notice is filed within thirty days after service of the Summons and Complaint upon Luxy or when Luxy received the Complaint after it was filed on April 3.

## VENUE

6. Venue is proper in this Court because Plaintiff filed this matter in the Circuit Court of Cook County, Illinois, which lies within the Northern District of Illinois. See 28 U.S.C. §§ 84(b), 1441(a).

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

7. A defendant has a right to remove a state court action to a federal district court where the district has original jurisdiction over the action. *See* 28 U.S.C. § 1441. This Court has jurisdiction of this action under CAFA. *See* 28 U.S.C. § 1332(d)(2). CAFA extends federal jurisdiction to all putative class actions in which: (a) there are one hundred (100) or more members

of the putative class; (b) there is minimal diversity, *i.e.*, at least one (1) member of the proposed class is a citizen of a state different from any defendant; and (c) the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00. *See* 28 U.S.C.§§ 1332(d)(2) & (d)(6). Based on the allegations in Plaintiff's complaint, which Luxy expressly denies, this case satisfies these requirements.

8. The Supreme Court has held that, in evaluating removal pleadings to determine if CAFA jurisdiction is established, district courts should "apply the same liberal [pleading] rules" as would pertain to other pleadings. *Roberson v. Maestro Consulting Services,* LLC, 507 F.Supp.3d 998, 1011 (S.D. Ill. 2020) (internal citations omitted).

    **A.**    **This Case Is a "Class Action" Which, As Pled, Involves More Than 100 Putative Class Members**

9. For purposes of § 1332(d), a "class action" is defined as "any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. Pursuant to 28 U.S.C. § 1332(d)(5), CAFA requires that the class consists of at least 100 persons.

11. In the present case, Plaintiff purports to bring this action on behalf of:

> "[a]ll individuals who were located in Illinois and whose biometric identifiers and/or biometric information were captured, collected, obtained, stored, used, disclosed, redisclosed, disseminated, transmitted, sold[,] leased, traded, or profited from [or] by Defendants within five years prior to the filing of this lawsuit through the date of class certification."

3

(Complaint ¶ 39).

12. Additionally, Plaintiff alleges that the members of the classes "are so numerous that joinder of all members is impracticable" and that she "does not know the number of members in the Class, but believes the members number in the *thousands, if not more*." (*See* Complaint ¶¶ 40, 41(emphasis added)).

**B. The Parties Are Diverse.**

13. Defendant is a limited liability company, which is as an "unincorporated association" for purposes of CAFA. *Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 927 n.3 (N.D. Ill. 2015); *see also Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 700 (4th Cir. 2010) ("[A] limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10)."). Under 28 U.S.C. § 1332(d)(10), an unincorporated association is a citizen of the State in which it has its principal place of business and of the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10).

14. As the Complaint alleges at paragraph 5, Defendant is a limited liability company, organized under the laws of Utah and with a principal place of business in Salt Lake City, Utah. Luxy is therefore a citizen of Utah. *See* 28 U.S.C. § 1332(d)(10).

15. CAFA requires only minimal diversity—at least one putative class member must be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A).

16. Here, many putative class members are citizens of the State of Illinois. Specifically, Plaintiff "brings this action on behalf of herself and … [a]ll individuals who were located in Illinois and whose biometric identifies and/or biometric information [as] captured…by Defendant. (*Id.,* ¶ 39.) "[A] person's place of residence ... is prima facie proof of his domicile" for purposes of jurisdiction. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see State*

4

*Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Gonzalez v. First NLC Fin. Serv.*, 2009 WL 2513670, at *2 (C.D. Cal. Aug. 12, 2009).

17. Additionally, the putative class contains at least one putative class member who is expressly identified as "an individual who was at all relevant times residing in Wheeling, Illinois," namely, Plaintiff Jennifer Conidi. (Complaint ¶ 4); *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) ("under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations. ..."); *see also Hollinger*, 654 F.3d at 571 (residence is prima facie proof of domicile).

18. Because Defendant is a citizen of Utah, and because many putative class members are citizens of Illinois, minimal diversity exists between the parties.

C. **The Amount In Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.**

19. For purposes of determining the amount in controversy in a class action under CAFA, "the claims of the individual members shall be aggregated." 28 U.S.C. § 1332(d)(6). While Defendant vigorously disputes the validity of Plaintiff's claims and allegations, including but not limited to Plaintiff's and the putative class's entitlement to any damages, and, indeed, Defendant asserts that neither Plaintiff nor any putative class member is entitled to any relief as a matter of law, for purposes of determining whether federal jurisdiction exists, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. In a Notice of Removal, "a defendant may rely on the complaint's allegations…" *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022). Furthermore, the ultimate inquiry depends on what amount is "in controversy" by the plaintiff—not what a defendant will actually owe. *Id.* at 855-56.

20. Here, based upon Plaintiff's allegations and theories (which Luxy disputes, but which control for removal purposes), the $5,000,000 amount in controversy requirement is satisfied. Plaintiff's prayer for relief seeks for Plaintiff, and for each member of the putative class, statutory damages for violations of BIPA and punitive damages.

21. Under BIPA a person "aggrieved by a violation of this Act" may "bring an action against an offending party". 740 ILCS 14/20. For each violation, a person may bring an action and recover:

> (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater; [or]
>
> (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater *Id*.

22. The Complaint does not quantify the number of alleged violations at issue or otherwise quantify the total amount of damages sought. Plaintiff alleges asserts six causes of action for negligent, and intentional and/or reckless violations of BIPA. Specifically, Plaintiff seeks $1,000 in statutory damages for "each and every negligent violation" of 740 ILCS 14/15(a) (*see* Complaint ¶ 52); $5,000 in statutory damages for "each and every intentional and/or reckless violations" of 740 ILCS 14/15 (a) (*see* Complaint ¶ 60); $1,000 in statutory damages for "each and every negligent violation" of 740 ILCS 14/15(b) (*see* Complaint ¶ 70); $5,000 in statutory damages for "each and every intentional and/or reckless violations" of 740 ILCS 14/15 (b) (*see* Complaint ¶ 80); $1,000 in statutory damages for "each and every negligent violation" of 740 ILCS 14/15(c) (*see* Complaint ¶ 86); $5,000 in statutory damages for "each and every intentional and/or reckless violations" of 740 ILCS 14/15 (c) (*see* Complaint ¶ 92).

4888-6939-8625\1

23. The Complaint alleges Plaintiff "does not know the number of members in the Class, but believes the members number in the thousands, if not more." (*See* Complaint ¶ 41 (emphasis added)).

24. Thus, the amount in controversy far exceeds the $5,000,000 to satisfy CAFA's amount in controversy requirement (i.e., $1,000 in statutory damages per violation of 740 ILCS 14/15 (a) plus $5,000 in statutory damages per violation of 740 ILCS 14/15 (a) plus $1,000 in statutory damages per violation of 740 ILCS 14/15 (b) plus $5,000 in statutory damages per violation of 740 ILCS 14/15 (b) plus $1,000 in statutory damages per violation of 740 ILCS 14/15 (c) plus $5,000 in statutory damages per violation of 740 ILCS 14/15 (c), multiplied by 2,000 putative class members alone equals $36,000,000 for alleged violations of BIPA).

25. The exceptions to CAFA preventing removal do not apply here.

## **NON-WAIVER OF DEFENSES**

26. By this Notice of Removal, Defendant does not waive any defenses that may be available, including, without limitation, Plaintiff's failure to state a claim or any other defense.

27. By this Notice of Removal, Defendant does not admit any of the allegations in Plaintiff's Class Action Complaint.

## **CONCLUSION**

28. For all the foregoing reasons, the action is properly removed to this Court. *See* 28 U.S.C. § 1453. All of the CAFA jurisdictional requirements are met: (i) this action involves 100 or more putative class members; (ii) at least one putative class member is a citizen of a State different from that of Luxy; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

WHEREFORE, notice is hereby given that this action is removed from the Illinois Circuit

7

Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: May 2, 2023

Respectfully submitted,

BEAUTY INDUSTRY GROUP OPCO, LLC d/b/a LUXY HAIR CO.,

By:     /s/Robert M. Andalman
        One of Its Attorneys

Robert M. Andalman (ARDC No. 6209454)
Diana Guler (ARDC No. 6326990)
A&G Law LLC
542 South Dearborn, 10th Floor
Chicago, IL 60605
Telephone: (312) 348-7629
Facsimile: (312) 279-4529

Kent J. Schmidt (to be admitted *pro hac vice*)
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499