# Exhibit A

FILED
4/3/2023 2:36 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH03204
Calendar, 5
22131027

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

JENNIFER CONIDI, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

BEAUTY INDUSTRY GROUP OPCO,
LLC d/b/a LUXY HAIR CO., and DOES
1-10, inclusive,

    Defendants.

Case No. **2023CH03204**

**CLASS ACTION COMPLAINT**

**JURY DEMANDED**

Now comes the Plaintiff, JENNIFER CONIDI ("Plaintiff"), individually and on behalf of

all others similarly situated, by and through her attorneys, and for her Class Action Complaint

against the Defendants, BEAUTY INDUSTRY GROUP OPCO, LLC d/b/a LUXY HAIR CO. and

DOES 1-10 (collectively, "Defendants"), Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENTS

1.    This is an action for damages, injunctive relief, and any other available legal or

equitable remedies, for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740

ILCS 14/1, *et seq.*, resulting from the illegal actions of Defendants in negligently, intentionally,

and/or recklessly collecting, storing, and/or using Plaintiff's and other similarly situated

individuals' biometric identifiers and biometric information without developing a public policy

establishing a retention schedule, establishing guidelines for destroying biometric identifiers and

biometric information, informing Plaintiff of the specific purpose and length of term for which the

information was being stored, or receiving a written release executed by Plaintiff, in violation of

BIPA.

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

2.      Defendants obtained Plaintiff's and the class members' biometrics via a "Virtual Color Match" tool on Defendants' website, https://www.luxyhair.com/pages/virtual-color-match (the "Website").  Defendants have violated BIPA through their undisclosed and unconsented capture, collection, dissemination, profiting from, and use of such biometrics.

3.      Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

4.      Plaintiff is an individual who was at all relevant times residing in Wheeling, Illinois.

5.      On information and belief, Defendant BEAUTY INDUSTRY GROUP OPCO, LLC d/b/a LUXY HAIR CO. ("Luxy") is a Utah limited liability company, which is not registered with the Secretary of State to do business in Illinois, and whose principal place of business is located in Salt Lake City, Utah.

6.      The true names and capacities of the Defendants sued herein as Does 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave to amend her complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

7.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

8.      On information and belief, at all times relevant hereto, Luxy was engaged in the manufacturing, marketing, and sale of hair extensions and related products.

9.      Luxy is a "private entity" as defined in 740 ILCS 14/10, as it is a limited liability company.

## FACTS COMMON TO ALL COUNTS

**A.      BIPA's Requirements of Notice and Informed Consent Involving Biometric Identifiers and Information**

10.     Every person has unique features by which they can be identified using a set of standard quantitative measurements, referred to as "biometric identifiers." For example, the shape of and distance between tiny ridges on each person's fingers are unique, so measurements of those features can be used to identify a specific individual.

11.     Each person also has a unique facial geometry composed of, among other measures, distances between key facial landmarks and ratios between those distances. Once a picture of a person's face is scanned and its biometric measurements are captured, computers can store that information and use it to identify that individual any other time that person's face appears on the internet or in public. Biometrics are used for everything from airport security screening to an alternative to passwords for accessing websites and phone applications, including banking and investment applications.

12.     In enacting BIPA, the Illinois General Assembly found all of the following.

        (a)     The use of biometrics is growing in the business and security
                screening sectors and appears to promise streamlined
                financial transactions and security screenings.

3

FILED DATE: 4/3/2023 2:36 PM    2023CH03204

(b)     Major national corporations have selected the City of Chicago and other locations in [Illinois] as pilot testing sites for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias.

(c)     Biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions.

(d)     An overwhelming majority of members of the public are weary of the use of biometrics when such information is tied to finances and other personal information.

(e)     Despite limited State law regulating the collection, use, safeguarding, and storage of biometrics, many members of the public are deterred from partaking in biometric identifier-facilitated transactions.

(f)     The full ramifications of biometric technology are not fully known.

(g)     The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

740 ILCS 14/5.

13.     The Illinois Supreme Court has recognized that BIPA was enacted to preserve an

individual's right to privacy and control over their biometric data.

Through the Act, our General Assembly has codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information. … The duties imposed on private entities by section 15 of the Act regarding the collection, retention, disclosure, and destruction of a person's or customer's biometric identifiers or biometric information define the contours of that statutory right. Accordingly, when a private entity fails to comply with one of section 15's requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights

4

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

of any person or customer whose biometric identifier or biometric information is subject to the breach. … The Act vests in individuals and customers the right to control their biometric information by requiring notice before collection and giving them the power to say no by withholding consent. ... When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, the right of the individual to maintain his or her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized. This is no mere "technicality." The injury is real and significant.

*Rosenbach v. Six Flags Entertainment Corporation*, 2019 IL 123186 at ¶¶ 33-34, 129 N.E.3d 1197, 1206 (2019) (internal citations and quotations omitted).

14.     BIPA defines a "biometric identifier" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

15.     BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10.

16.     BIPA was designed to encourage the public trust in biometric technology and the use and adoption of biometric identifier-facilitated transactions and to prevent harm to individuals, by requiring companies to adopt and publish retention schedules and guidelines for permanently destroying biometrics. 740 ILCS 14/15 (a)-(b).

17.     BIPA prohibits the collection of such information without prior express written informed consent.

No private entity may collect, capture, purchase receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

18.     BIPA also requires that private entities possessing such information develop special written policies establishing specific retention guidelines and make these policies available to the public.

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

19.     Even if a private entity first obtains this information with informed consent and provides the required written policy, BIPA in turn limits the further disclosure or redisclosure of this information without express consent. 740 ILCS 14/15(d).

20.     Separate from the disclosure and consent requirements, BIPA prohibits any sale, trade, or profiting from this specially protected information irrespective of any informed consent. "No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

FILED DATE: 4/3/2023 2:36 PM    2023CH03204

21.     BIPA gives any person aggrieved by a violation of BIPA a private right of action, with liquidated damages for each violation. 740 ILCS § 14/20.

22.     BIPA provides for statutory liquidated damages of $1,000 for each negligent violation, or actual damages, whichever is greater. 740 ILCS § 14/20(1). Alternatively, BIPA provides for statutory liquidated damages of $5,000 for each intentional and/or reckless violation, or actual damages, whichever is greater. 740 ILCS § 14/20(2).

23.     BIPA allows a prevailing party to recover reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses. 740 ILCS § 14/20(3). BIPA further provides for and injunction as the Court may deem appropriate. 740 ILCS § 14/20(4).

24.     Persons, like the Plaintiff herein, have an interest protecting, monitoring, and controlling their biometric identifiers and information beyond the typical concerns and interests associated with protecting other types of personal identifying information.

25.     Information about retention and destruction of biometric identifiers and information is key to encouraging trust in biometric identifier-facilitated transactions, and is essential to Plaintiff's ability to monitor, protect, and control her biometric identifiers and information.

**B.    Plaintiff's Personal Experience**

26.     Defendants' Website contains a "Virtual Color Match" tool (the "Tool"), which allows users to take a photograph of their face using their computer's or mobile device's camera. The Tool then modifies the user's photograph to allow the user to "try on" a Luxy hair product, and ostensibly shows the user how she would look when wearing that product.[1]

---

[1] https://www.luxyhair.com/pages/virtual-color-match

FILED DATE: 4/3/2023 2:36 PM    2023CH03204

27.     On or about February 7, 2023, while located in Illinois, Plaintiff visited the Website to search for some new hair colors.

28.     Plaintiff used the Tool, which accessed her mobile device or laptop's camera and took a photograph of her face.

29.     The Tool identified the shape and features of Plaintiff's face (i.e. her facial geometry) to accurately overlay the hair product onto Plaintiff's facial image.

**B.      Defendants' Capture and Use of Biometric Identifiers and Information in Violation of BIPA**

30.     Plaintiff's facial geometry is unique to her and is a biometric identifier that can be used to identify her.

31.     Prior to taking Plaintiff's biometric identifiers and/or biometric information, Defendants did not inform Plaintiff, in writing or otherwise, that her biometric identifiers and/or biometric information were being captured, collected, stored, used, obtained, or disseminated. Defendants did not seek, and Plaintiff was never provided, informed written consent relating to the collection, capture, use, storage, dissemination, or disclosure of her biometric identifiers and/or biometric information. Defendants did not publish any policy specifically about the collection, retention, use, deletion, or dissemination of such biometric identifiers and/or biometric information.

32.     In fact, Defendants did not publish any policy as to a biometric retention schedule or guidelines for permanently destroying biometric identifiers and/or biometric information.

33.     By failing to comply with BIPA, Defendants violated Plaintiff's substantive rights to maintain control over the privacy of her biometric identifiers and biometric information. As a result, Defendants injured Plaintiff by depriving her of the power and ability to make informed

FILED DATE: 4/3/2023 2:36 PM    2023CH03204

decisions about the collection, storage, and use of her biometric information and biometric identifiers.

34.     In direct violation of BIPA, 740 ILCS 14/15(b)(1), Defendants never informed or disclosed to Plaintiff that they were capturing, collecting, and storing Plaintiff's biometric identifiers and biometric information.

35.     In direct violation of BIPA, 740 ILCS 14/15(b)(2), Defendants never informed Plaintiff of the specific purpose and length of time for which Defendants were collecting, storing, and using Plaintiff's biometric identifiers and biometric information.

36.     In direct violation of BIPA, 740 ILCS 14/15(b)(3), Defendants never obtained a written release executed by Plaintiff prior to collecting, capturing, storing, and using Plaintiff's biometric identifiers or biometric information.

**C.      Defendants Have Not Published Record Destruction Policies, in Violation of BIPA.**

37.     BIPA also requires Defendants, as entities "in possession of biometric identifiers or biometric information" to "develop a written policy, made available to the public" that establishes "a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose has been satisfied or within 3 years of the individual's last interaction with private entity, whichever occurs first." 740 ILCS 14/15(a).

38.     Defendants also failed to develop a written policy, made available to the public, that establishes a retention schedule and guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff.

## CLASS ALLEGATIONS

39.      Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of a class, defined as follows (the "Class"):

9

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

All individuals who were located in Illinois and whose biometric identifiers and/or biometric information were captured, collected, obtained, stored, used, disclosed, redisclosed, disseminated, transmitted, sold leased, traded, or profited from by Defendants within five years prior to the filing of this lawsuit through the date of class certification.

40.    The Class satisfies all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

a.    Upon information and belief, the Class is so numerous that joinder of all of its members is impracticable. On information and belief there are thousands of individuals who fall within the Class definition set forth above within the applicable statute of limitations period.

b.    There are questions of fact and/or law which are common to the Class and which predominate over questions affecting any individual Class members. These common questions of fact and law include, but are not limited to:

i.    Whether Defendants collected, captured, received, otherwise obtained, stored, and/or used biometric identifiers and/or biometric information from Plaintiff and the Class members;

ii.    Whether Defendants first informed Plaintiff and the Class members in writing that they would be collecting, capturing, receiving, otherwise obtaining, storing, and/or using their biometric identifiers and/or biometric information;

iii.    Whether Defendants first informed Plaintiff and the Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information would be

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

collected, captured, received, otherwise obtained, stored, and/or used;

iv. Whether Defendants first obtained a written release from Plaintiff and the Class members before capturing, collecting, and/or otherwise obtaining their biometric information and/or biometric identifiers;

v. Whether Defendants established a publicly available policy for retention of biometric identifiers and/or biometric information sufficient to satisfy 740 ILCS § 14/15(c);

vi. Whether Defendants disclosed, redisclosed, and/or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members;

vii. Whether Defendants obtained the consent of Plaintiff and the Class members to disclose, redisclose, and/or disseminate their biometric information and/or biometric identifiers;

viii. Whether Defendants traded, sold, leased, and/or otherwise profited from their possession of the biometric identifiers and/or biometric information of Plaintiff and the Class members;

ix. Whether Defendants' conduct violates BIPA;

x. Whether Defendants' conduct is negligent;

xi. Whether Defendants' violations of BIPA are intentional and/or reckless; and

11

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

xii.     Whether Plaintiff and the Class members are entitled to damages and injunctive relief.

c.     Plaintiff's claims are typical of the Class, which all arise from the same operative set of facts and are based on the same legal theories.

d.     Plaintiff has no interests adverse or antagonistic to the interests of the other Class members.

e.     Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has retained experienced and competent attorneys to represent the Class.

f.     This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.     This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class members will continue to suffer losses of their legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

12

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

h.      Defendants have acted or failed to act on grounds generally applicable to the entire Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class as a whole.

41.      Defendants, their employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

42.      The size and definition of the Class can be identified by Defendants' own records.

43.      As an individual in Illinois whose biometrics were obtained by Defendants without having been provided with information about a public policy establishing a retention schedule, guidelines for destroying the biometrics, or specific purpose and length of term for which the information was being stored, and without being given the opportunity to sign a written release executed by her as required by the BIPA, Plaintiff is asserting claims that are typical of the Class.

44.      A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class

13

FILED DATE: 4/3/2023 2:36 PM    2023CH03204

member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

45.     Defendants failed to comply with the requirements of the BIPA, including, but not limited to, 740 ILCS 14/15(a) and 740 ILCS 14/15(b), as to the Class with respect to the above-alleged transactions.

**COUNT I**
**NEGLIGENT VIOLATIONS OF 740 ILCS 14/15(a)**
**(ON BEHALF OF PLAINTIFF AND THE CLASS)**

46.      Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

47.     740 ILCS 14/15(a) requires Defendants to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."

48.     Defendants systematically collected, obtained, stored, traded, transferred, sold, and/or used Plaintiff's and the Class members' biometric identifiers and/or biometric information without developing a written policy, made available to the public, and establishing a retention schedule and guidelines for permanently destroying biometric information, as required by 740 ILCS 14/15(a).

49.     By collecting, obtaining, storing, trading, transferring, selling, and/or using Plaintiff's and the Class members' biometric identifiers and/or biometric information without developing a written policy, made available to the public, and establishing a retention schedule and guidelines for permanently destroying biometric information, Defendants denied Plaintiff and the

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

Class of their right to statutorily required information and right to say no, failed to protect their facial biometric data, and violated their rights to biometric privacy as set forth in BIPA.

50.     Each of these privacy violations harmed and injured Plaintiff and the other Class members.

51.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of BIPA, including, but not limited to, each and every one of the above cited provisions of 740 ILCS 14/15(a).

52.     As a result of Defendants' negligent violations of 740 ILCS 14/15(a), Plaintiff and the Class members are entitled to an award of $1,000.00 in statutory damages for each and every negligent violation, pursuant to 740 ILCS 14/20(1), plus reasonable attorneys' fees and costs.

53.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF – COUNT I

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.      An order certifying the Class and appointing Plaintiff as Class Representative;

b.      An order certifying the undersigned counsel as Class Counsel;

c.      An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct described herein;

d.      An order Declaring that Defendants violated BIPA's requirements and mandates, including 740 ILCS 14/15(a);

e.      Judgment against Defendants in the amount of $1,000.00 in statutory damages for each and every negligent violation of BIPA by Defendants;

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

f.      An order awarding injunctive and equitable relief prohibiting the unlawful conduct described herein by Defendants in the future and restraining Defendants' continued non-compliance with BIPA;

g.      Judgment against Defendants for Plaintiff's reasonable attorney's fees and costs, including expert witness fees and other litigation expenses; and

h.      Any other relief deemed just and proper by this Court.

<u>**COUNT II**</u>
<u>**INTENTIONAL AND/OR RECKLESS VIOLATIONS OF 740 ILCS 14/15(a)**</u>
<u>**(ON BEHALF OF PLAINTIFF AND THE CLASS)**</u>

54.     Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

55.     740 ILCS 14/15(a) requires Defendants to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."

56.     Defendants systematically collected, obtained, stored, traded, transferred, sold, and/or used Plaintiff's and the Class members' biometric identifiers and/or biometric information without developing a written policy, made available to the public, and establishing a retention schedule and guidelines for permanently destroying biometric information, as required by 740 ILCS 14/15(a).

57.     By collecting, obtaining, storing, trading, transferring, selling, and/or using Plaintiff's and the Class members' biometric identifiers and/or biometric information without developing a written policy, made available to the public, and establishing a retention schedule and

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

guidelines for permanently destroying biometric information, Defendants denied Plaintiff and the Class of their right to statutorily required information and right to say no, failed to protect their facial biometric data, and violated their rights to biometric privacy as set forth in BIPA.

58.    Each of these privacy violations harmed and injured Plaintiff and the other Class members.

59.    The foregoing acts and omissions of Defendants constitute numerous and multiple intentional and/or reckless violations of BIPA, including, but not limited to, each and every one of the above cited provisions of 740 ILCS 14/15(a).

60.    As a result of Defendants' intentional and/or reckless violations of 740 ILCS 14/15(a), Plaintiff and the Class members are entitled to an award of $5,000.00 in statutory damages for each and every intentional and/or reckless violation, pursuant to 740 ILCS 14/20(2), plus reasonable attorneys' fees and costs.

61.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF – COUNT II**

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.    An order certifying the Class and appointing Plaintiff as Class Representative;

b.    An order certifying the undersigned counsel as Class Counsel;

c.    An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct described herein;

d.    An order Declaring that Defendants violated BIPA's requirements and mandates, including 740 ILCS 14/15(a);

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

e.   Judgment against Defendants in the amount of $5,000.00 in statutory damages for each and every intentional and/or reckless violation of BIPA by Defendants;

f.   An order awarding injunctive and equitable relief prohibiting the unlawful conduct described herein by Defendants in the future and restraining Defendants' continued non-compliance with BIPA;

g.   Judgment against Defendants for Plaintiff's reasonable attorney's fees and costs, including expert witness fees and other litigation expenses; and

h.   Any other relief deemed just and proper by this Court.

### COUNT III
### NEGLIGENT VIOLATIONS OF 740 ILCS 14/15(b)
### (ON BEHALF OF PLAINTIFF AND THE CLASS)

62.   Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

63.   740 ILCS 14/15(b) provides that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or store; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…"

64.   In violation of 740 ILCS 14/15(b)(1), Defendants systematically collected, captured, received, and/or otherwise obtained Plaintiff's and the Class members' biometric identifiers and biometric information without first informing Plaintiff and the Class members, or

FILED DATE: 4/3/2023 2:36 PM    2023CH03204

their legally authorized representatives, in writing that their biometric identifiers and biometric information were being collected and stored.

65.    In violation of 740 ILCS 14/15(b)(2), Defendants systematically collected, captured, received, and/or otherwise obtained Plaintiff's and the Class members' biometric identifiers and biometric information without first informing Plaintiff and the Class members, or their legally authorized representatives, in writing of the specific purpose and length of term for which the biometric identifiers and biometric information were being collected, stored, and used.

66.    In violation of 740 ILCS 14/15(b)(3), Defendants systematically collected, captured, received, and/or otherwise obtained Plaintiff's and the Class members' biometric identifiers and biometric information without first obtaining a written release from Plaintiff and the Class members, or their legally authorized representatives, as required by that provision.

67.    By capturing, collecting, and obtaining Plaintiff's and the Class members' biometric identifiers and biometric information as described herein, Defendants denied Plaintiff and the Class members of their right to statutorily required information and right to say no, failed to protect their facial biometric data, and violated their state rights to biometric privacy as set forth in BIPA.

68.    Each of these privacy violations harmed and injured Plaintiff and the other Class members.

69.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of BIPA, including, but not limited to, each and every one of the above cited provisions of 740 ILCS 14/15(b).

FILED DATE: 4/3/2023 2:36 PM    2023CH03204

70.     As a result of Defendants' negligent violations of 740 ILCS 14/15(b), Plaintiff and the Class members are entitled to an award of $1,000.00 in statutory damages for each and every negligent violation, pursuant to 740 ILCS 14/20(1), plus reasonable attorneys' fees and costs.

71.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF – COUNT III

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.      An order certifying the Class and appointing Plaintiff as Class Representative;

b.      An order certifying the undersigned counsel as Class Counsel;

c.      An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct described herein;

d.      An order Declaring that Defendants violated BIPA's requirements and mandates, including separate violations of 740 ILCS 14/15(b)(1), (b)(2), and (b)(3);

e.      Judgment against Defendants in the amount of $1,000.00 in statutory damages for each and every negligent violation of BIPA by Defendants;

f.      An order awarding injunctive and equitable relief prohibiting the unlawful conduct described herein by Defendants in the future and restraining Defendants' continued non-compliance with BIPA;

g.      Judgment against Defendants for Plaintiff's reasonable attorney's fees and costs, including expert witness fees and other litigation expenses; and\

h.      Any other relief deemed just and proper by this Court.

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

<u>COUNT IV</u>
<u>INTENTIONAL AND/OR RECKLESS VIOLATIONS OF 740 ILCS 14/15(b)</u>
<u>(ON BEHALF OF PLAINTIFF AND THE CLASS)</u>

72.　　Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

73.　　740 ILCS 14/15(b) provides that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or store; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…"

74.　　In violation of 740 ILCS 14/15(b)(1), Defendants systematically collected, captured, received, and/or otherwise obtained Plaintiff's and the Class members' biometric identifiers and biometric information without first informing Plaintiff and the Class members, or their legally authorized representatives, in writing that their biometric identifiers and biometric information were being collected and stored.

75.　　In violation of 740 ILCS 14/15(b)(2), Defendants systematically collected, captured, received, and/or otherwise obtained Plaintiff's and the Class members' biometric identifiers and biometric information without first informing Plaintiff and the Class members, or their legally authorized representatives, in writing of the specific purpose and length of term for which the biometric identifiers and biometric information were being collected, stored, and used.

76.　　In violation of 740 ILCS 14/15(b)(3), Defendants systematically collected, captured, received, and/or otherwise obtained Plaintiff's and the Class members' biometric

identifiers and biometric information without first obtaining a written release from Plaintiff and the Class members, or their legally authorized representatives, as required by that provision.

77.     By capturing, collecting, and obtaining Plaintiff's and the Class members' biometric identifiers and biometric information as described herein, Defendants denied Plaintiff and the Class members of their right to statutorily required information and right to say no, failed to protect their facial biometric data, and violated their state rights to biometric privacy as set forth in BIPA.

78.     Each of these privacy violations harmed and injured Plaintiff and the other Class members.

79.     The foregoing acts and omissions of Defendants constitute numerous and multiple intentional and/or reckless violations of BIPA, including, but not limited to, each and every one of the above cited provisions of 740 ILCS 14/15(b).

80.     As a result of Defendants' intentional and/or reckless violations of 740 ILCS 14/15(b), Plaintiff and the Class members are entitled to an award of $5,000.00 in statutory damages for each and every intentional and/or reckless violation, pursuant to 740 ILCS 14/20(2), plus reasonable attorneys' fees and costs.

81.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF – COUNT IV**

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.      An order certifying the Class and appointing Plaintiff as Class Representative;

b.      An order certifying the undersigned counsel as Class Counsel;

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

c.     An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct described herein;

d.     An order Declaring that Defendants violated BIPA's requirements and mandates, including separate violations of 740 ILCS 14/15(b)(1), (b)(2), and (b)(3);

e.     Judgment against Defendants in the amount of $5,000.00 in statutory damages for each and every intentional and/or reckless violation of BIPA by Defendants;

f.     An order awarding injunctive and equitable relief prohibiting the unlawful conduct described herein by Defendants in the future and restraining Defendants' continued non-compliance with BIPA;

g.     Judgment against Defendants for Plaintiff's reasonable attorney's fees and costs, including expert witness fees and other litigation expenses; and

h.     Any other relief deemed just and proper by this Court.

### COUNT V
### NEGLIGENT VIOLATIONS OF 740 ILCS 14/15(c)
### (ON BEHALF OF PLAINTIFF AND THE CLASS)

82.     Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

83.     740 ILCS 14/15(c) provides that "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or customer's biometric identifier or biometric information."

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

84.     In violation of 740 ILCS 14/15(c), Defendants sold, traded, and/or otherwise profited from their possession of Plaintiff and Class members' biometric information and biometric identifiers.

85.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of BIPA, including, but not limited to, each and every one of the above cited provisions of 740 ILCS 14/15(c).

86.     As a result of Defendants' negligent violations of 740 ILCS 14/15(c), Plaintiff and the Class members are entitled to an award of $1,000.00 in statutory damages for each and every negligent violation, pursuant to 740 ILCS 14/20(1), plus reasonable attorneys' fees and costs.

87.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF – COUNT V

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.      An order certifying the Class and appointing Plaintiff as Class Representative;

b.      An order certifying the undersigned counsel as Class Counsel;

c.      An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct described herein;

d.      An order Declaring that Defendants violated BIPA's requirements and mandates, including 740 ILCS 14/15(c);

e.      Judgment against Defendants in the amount of $1,000.00 in statutory damages for each and every negligent violation of BIPA by Defendants;

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

f. An order awarding injunctive and equitable relief prohibiting the unlawful conduct described herein by Defendants in the future and restraining Defendants' continued non-compliance with BIPA;

g. Judgment against Defendants for Plaintiff's reasonable attorney's fees and costs, including expert witness fees and other litigation expenses; and

h. Any other relief deemed just and proper by this Court.

## COUNT VI
## INTENTIONAL AND/OR RECKLESS VIOLATIONS OF 740 ILCS 14/15(c)
## (ON BEHALF OF PLAINTIFF AND THE CLASS)

88. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

89. 740 ILCS 14/15(c) provides that "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or customer's biometric identifier or biometric information."

90. In violation of 740 ILCS 14/15(c), Defendants sold, traded, and/or otherwise profited from their possession of Plaintiff and Class members' biometric information and biometric identifiers.

91. The foregoing acts and omissions of Defendants constitute numerous and multiple intentional and/or reckless violations of BIPA, including, but not limited to, each and every one of the above cited provisions of 740 ILCS 14/15(c).

92. As a result of Defendants' intentional and/or reckless violations of 740 ILCS 14/15(c), Plaintiff and the Class members are entitled to an award of $5,000.00 in statutory damages for each and every intentional and/or reckless violation, pursuant to 740 ILCS 14/20(2), plus reasonable attorneys' fees and costs.

FILED DATE: 4/3/2023 2:36 PM   2023CH03204

93.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF – COUNT VI

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a.      An order certifying the Class and appointing Plaintiff as Class Representative;

b.      An order certifying the undersigned counsel as Class Counsel;

c.      An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct described herein;

d.      An order Declaring that Defendants violated BIPA's requirements and mandates, including 740 ILCS 14/15(c);

e.      Judgment against Defendants in the amount of $5,000.00 in statutory damages for each and every intentional and/or reckless violation of BIPA by Defendants;

f.      An order awarding injunctive and equitable relief prohibiting the unlawful conduct described herein by Defendants in the future and restraining Defendants' continued non-compliance with BIPA;

g.      Judgment against Defendants for Plaintiff's reasonable attorney's fees and costs, including expert witness fees and other litigation expenses; and

h.      Any other relief deemed just and proper by this Court.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable.

RESPECFULLY SUBMITTED,

JENNIFER CONIDI

By: _____

David B. Levin
Attorney for Plaintiff
Cook County Attorney No. 57093
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

_____

Todd M. Friedman
Attorney for Plaintiff
Cook County Attorney No. 57323
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 5

FILED
4/4/2023 11:51 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH03204
Calendar, 5
22145367

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **Summons - Alias Summons** | | **(12/01/20) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

JENNIFER CONIDI,

Plaintiff(s)

v.

BEAUTY INDUSTRY GROUP OPCO, LLC
d/b/a LUXY HAIR CO., et al.

Case No. 2023CH03204

Defendant(s)

Beauty Industry Group Opco LLC, c/o: Corp
Service Company, 15 W South Temple, Ste 600,

Salt Lake City, UT 84101     Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ● Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** | **(12/01/20) CCG 0001 B**

FILED DATE: 4/4/2023 11:51 AM  2023CH03204

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver.  For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone.  The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:  Your appearance date is NOT a court date.  It is the date that you have to file your completed appearance by.  You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer:  (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than thirty (30) days after its date.

---

◉ Atty. No.: 57093
○ Pro Se 99500

Name: David Levin, Law Offices of Todd Friedman

Atty. for (if applicable):

Jennifer Conidi, Plaintiff

Address: 707 Skokie Blvd., Suite 600

City: Northbrook

State: IL    Zip: 60062

Telephone: 224-218-0882

Primary Email: dlevin@toddflaw.com

Witness date _____

4/4/2023 11:51 AM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 4/4/2023 11:51 AM   2023CH03204

### GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

#### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

#### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

#### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

#### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

#### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

#### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

#### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

#### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**LMS Packing Slip**

# Package ID: 3795937

| | |
|---|---|
| **Tracking Number:** | 396941378726 |
| **Package Recipient:** | BIG Finance |
| **Recipient Company:** | Beauty Industry Group |
| **Recipient Address:** | 1250 N Flyer Way Ste 100 Salt Lake City UT 84116-2950 USA |
| **Phone Number:** | 8012064782 |

## Package Contents:

| Transmittal Number | Case Number | Title of Action |
|---|---|---|
| 26729994 | 2023CH03204 | Jennifer Conidi vs. Beauty Industry Group OPCO, LLC d/b/a Luxy Hair Co. |



## Notice of Service of Process

null / ALL
Transmittal Number: 26729994
Date Processed: 04/12/2023

| | |
|---|---|
| Primary Contact: | BIG Finance null<br>Beauty Industry Group<br>1250 N Flyer Way<br>Ste 100<br>Salt Lake City, UT 84116-2950 |
| Electronic copy provided to: | Alician Arnold |

| | |
|---|---|
| Entity: | Beauty Industry Group OPCO, LLC<br>Entity ID Number 3594983 |
| Entity Served: | Beauty Industry Group OPCO, LLC d/b/a Luxy Hair Co. |
| Title of Action: | Jennifer Conidi vs. Beauty Industry Group OPCO, LLC d/b/a Luxy Hair Co. |
| Matter Name/ID: | Jennifer Conidi vs. Beauty Industry Group OPCO, LLC d/b/a Luxy Hair Co.<br>(13917338) |
| Document(s) Type: | Motion |
| Nature of Action: | Class Action |
| Court/Agency: | Cook County Circuit Court, IL |
| Case/Reference No: | 2023CH03204 |
| Jurisdiction Served: | Utah |
| Date Served on CSC: | 04/10/2023 |
| Answer or Appearance Due: | Other/NA |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Sender Information: | Law Offices of Todd M. Friedman, P.C.<br>224-218-0882 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

4/4/2023 1:03 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH03204
Calendar, 5
22147312

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

JENNIFER CONIDI, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

BEAUTY INDUSTRY GROUP OPCO,
LLC d/b/a LUXY HAIR CO., and DOES
1-10, inclusive,

      Defendants.

Case No. 2023CH03204

**PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION**

Now comes the Plaintiff, JENNIFER CONIDI ("Plaintiff"), by and through her attorneys, and brings this Motion for Class Certification against Defendant BEAUTY INDUSTRY GROUP OPCO, LLC d/b/a LUXY HAIR CO. ("Luxy"), individually and on behalf of a class of all others similarly situated. In support thereof, Plaintiff alleges and states as follows:

1.    As alleged in Plaintiff's Complaint, Defendants' Website contains a "Virtual Color Match" tool (the "Tool"), which allows users to take a photograph of their face using their computer's or mobile device's camera. The Tool then modifies the user's photograph to allow the user to "try on" a Luxy hair product, and ostensibly shows the user how she would look when wearing that product.[1] On or about February 7, 2023, while located in Illinois, Plaintiff visited the Website to search for some makeup. Plaintiff used the Tool, which accessed her mobile device or laptop's camera and took a photograph of her face. The Tool identified the shape and features of Plaintiff's face (i.e. her facial geometry) to accurately overlay the hair product onto Plaintiff's facial image.

---

[1] https://www.luxyhair.com/pages/virtual-color-match

2.     As is also alleged in Plaintiff's Complaint, prior to taking Plaintiff's biometric identifiers and/or biometric information, Defendants did not inform Plaintiff, in writing or otherwise, that her biometric identifiers and/or biometric information were being captured, collected, stored, used, obtained, or disseminated. Defendants did not seek, and Plaintiff was never provided, informed written consent relating to the collection, capture, use, storage, dissemination, or disclosure of her biometric identifiers and/or biometric information. Defendants did not publish any policy specifically about the collection, retention, use, deletion, or dissemination of such biometric identifiers and/or biometric information. In fact, Defendants did not publish any policy as to a biometric retention schedule or guidelines for permanently destroying biometric identifiers and/or biometric information.

3.     As is also alleged in Plaintiff's Complaint, by failing to comply with BIPA, Defendants violated Plaintiff's substantive rights to maintain control over the privacy of her biometric identifiers and biometric information. As a result, Defendants injured Plaintiff by depriving her of the power and ability to make informed decisions about the collection, storage, and use of her biometric information and biometric identifiers.

4.     Plaintiff brings claims, pursuant to 740 ILCS 14/1, *et seq.*, individually and on behalf of the following class (the "Class"):

> All individuals who were located in Illinois and whose biometric identifiers and/or biometric information were captured, collected, obtained, stored, used, disclosed, redisclosed, disseminated, transmitted, sold leased, traded, or profited from by Defendants within five years prior to the filing of this lawsuit through the date of class certification.

5.     Illinois Rule of Civil Procedure section 5/2-801 states that an action may be maintained as a class action in any court of this state if the court finds that:

> (1)     The class is so numerous that joinder of all members is impracticable.

2

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

6.    The Class and the Sub-Class satisfy all of the requirements of the Illinois Code of Civil Procedure for maintaining a class action, specifically:

a.    Upon information and belief, the Class is so numerous that joinder of all of its members is impracticable. On information and belief there are thousands of individuals who fall within the Class definition set forth above within the applicable statute of limitations period.

b.    There are questions of fact and/or law which are common to the Class and which predominate over questions affecting any individual Class members. These common questions of fact and law include, but are not limited to:

i.    Whether Defendants collected, captured, received, otherwise obtained, stored, and/or used biometric identifiers and/or biometric information from Plaintiff and the Class members;

ii.    Whether Defendants first informed Plaintiff and the Class members in writing that they would be collecting, capturing, receiving,

3

otherwise obtaining, storing, and/or using their biometric identifiers and/or biometric information;

iii. Whether Defendants first informed Plaintiff and the Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information would be collected, captured, received, otherwise obtained, stored, and/or used;

iv. Whether Defendants first obtained a written release from Plaintiff and the Class members before capturing, collecting, and/or otherwise obtaining their biometric information and/or biometric identifiers;

v. Whether Defendants established a publicly available policy for retention of biometric identifiers and/or biometric information sufficient to satisfy 740 ILCS § 14/15(c);

vi. Whether Defendants disclosed, redisclosed, and/or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members;

vii. Whether Defendants obtained the consent of Plaintiff and the Class members to disclose, redisclose, and/or disseminate their biometric information and/or biometric identifiers;

viii. Whether Defendants traded, sold, leased, and/or otherwise profited from their possession of the biometric identifiers and/or biometric information of Plaintiff and the Class members;

4

ix.     Whether Defendants' conduct violates BIPA;

x.     Whether Defendants' conduct is negligent;

xi.     Whether Defendants' violations of BIPA are intentional and/or reckless; and

xii.     Whether Plaintiff and the Class members are entitled to damages and injunctive relief.

c.     Plaintiff's claims are typical of the Class, which all arise from the same operative set of facts and are based on the same legal theories.

d.     Plaintiff has no interests adverse or antagonistic to the interests of the other Class members.

e.     Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has retained experienced and competent attorneys to represent the Class.

f.     This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g.     This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class members will continue to suffer losses of their

5

legally protected rights, as well as monetary damages. If Defendants'

conduct is allowed proceed to without remedy, Defendants will continue to

benefit financially from such conduct.

h.       Defendants have acted or failed to act on grounds generally applicable to

the entire Class, thereby making it appropriate for the Court to order final

monetary, injunctive, and declaratory relief with respect to the Class as a

whole.

7.       Plaintiff believes that upon completion of discovery in this matter, Plaintiff will be

able to prove each of the allegations to the satisfaction of this Court. Therefore, Plaintiff requests

the Court defer any ruling on this motion until after all discovery has been completed and Plaintiff

has filed an amended or supplemental motion for class certification.

Wherefore, Plaintiff respectfully requests this Honorable Court enter an order certifying

the proposed Class, appointing Plaintiff as Class Representative, appointing the undersigned

counsel for Plaintiff as Class Counsel, and authorizing court-facilitated notice of this class action

to the Class, but deferring any ruling on this Motion until after discovery has been completed and

Plaintiff has filed an amended or supplemental motion for class certification.

RESPECFULLY SUBMITTED,

JENNIFER CONIDI

By:

David B. Levin
Attorney for Plaintiff
Cook County Attorney No.: 57093
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

Todd M. Friedman
Attorney for Plaintiff
Cook County Attorney No.: 57323
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 4, 2023, a copy of Plaintiff's Motion for

Class Certification was served upon the following parties, by depositing the same in the U.S. Mail,

with proper first-class postage prepaid thereon:

> Beauty Industry Group Opco LLC
> c/o: Corp Service Company
> 15 W South Temple, Ste 600
> Salt Lake City, UT 84101

_____

David B. Levin
Attorney for Plaintiff

8

Law Office Todd Friedman
707 Skokie Blvd Ste 600
Northbrook, IL 60062

PHOENIX AZ 85
5 APR 2023 PM 5

Beauty Industry Group Opco LLC
c/o; Corp. Service Company
15 W. South Temple, Ste. 600
Salt Lake City, UT 84101
84101-153650